# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| DEBRA D. TETER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. 2:14-CV-83 NAB |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Debra Teter's (Teter) appeal regarding the denial of supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 10.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

## I.    Issues for Review

Teter presents three issues for review. First, Teter asserts that the administrative law judge (ALJ) failed to accord adequate weight to the opinion of her treating physician, Dr. Mark Tucker. Second, Teter contends that the ALJ also failed to re-contact Dr. Tucker to obtain additional medical evidence. Finally, Teter states that this action should be remanded, because the residual functional capacity (RFC) determination is not supported by substantial evidence.

The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II. Standard of Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physicians;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

**III.     Discussion**

The ALJ found that Teter had the following severe impairments: syncope, mild cervical degenerative disc disease, pubic rami fracture, urticaria, bipolar disorder with psychotic features, panic disorder, and posttraumatic stress disorder (PTSD). (Tr. 18.) The ALJ determined that Teter had the RFC to perform medium work, except she is limited to frequent climbing of ramps and stairs, and occasional climbing of ladders and scaffolds; frequent balancing, stooping, kneeling, crouching and crawling; occasional exposure to vibration, fumes, gases, and hazards, such as moving mechanical parts and unprotected heights. (Tr. 20.) The ALJ also determined that Teter could not have exposure to chemicals, such as, but not limited to, bleach and hydrogen peroxide and she was limited to simple, routine, and repetitive tasks; simple work related decisions, consistent with unskilled work; and occasional interaction with supervisors, coworkers, and the public. (Tr. 20.) Ultimately, the ALJ found that Teter was not under a disability since February 3, 2012.

   **A.     Opinion Evidence of Treating Physician**

Teter contends that the ALJ failed to accord adequate weight to the opinion of her treating physician, Dr. Tucker.

All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.927(c). Generally, a

treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 416.927(c); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 416.927(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009). "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

In this case, the ALJ evaluated two opinions from Dr. Tucker. Treatment notes from the administrative record indicate that Dr. Tucker treated Teter at least once in the emergency room and in his office from July 9, 2012 to November 1, 2013. (Tr. 884-85, 891-895, 1032-1047.) Dr. Tucker treated Teter for syncope, pelvic fracture, hives, urticaria, and anaphylaxis. (Tr. 884-85,

891-895, 1032-1047.)  On July 9, 2012, Dr. Tucker's treatment notes indicate that he wrote a note to Teter's employer, at her request, that she can remain employed.  (Tr. 894.)  Dr. Tucker stated he wrote a note that the employer cannot assume she will not have seizure like episodes, but she should avoid bodies of water and the risk of falling from high heights.  (Tr. 894.)  He also stated she is not allowed to drive, but otherwise all activities are normal.  (Tr. 894.)  On July 25, 2012, Dr. Tucker's treatment notes indicate that he told Teter "she was disabled by the fracture of her pelvis and unable to work for 5-7 months due to that injury."  (Tr. 892.)  The ALJ gave partial weight to Dr. Tucker's July 25, 2012 opinion.  (Tr. 26.)  The ALJ found that Dr. Tucker was qualified to render an opinion on Teter's functional abilities and examined her over an extended period of time, which increased the persuasive value of his opinion.  (Tr. 26.)  The ALJ noted that the ultimate decision of whether Teter was disabled was a decision reserved to the commissioner and that Dr. Tucker did not provide a clear explanation as to what specifically precluded Teter from working.  (Tr. 26.)

The Court finds that the ALJ did not err in its evaluation of Dr. Tucker's July 25, 2012 opinion.  The ALJ discounted the July 25, 2012 opinion, because Dr. Tucker did not provide support for stating Teter could not work and the ALJ is not bound by a doctor's determination that a person is "disabled."  The ALJ considered the appropriate factors when giving partial weight to Dr. Tucker's July 25, 2012 "opinion."  He specifically mentioned that he considered the length of treatment, that Dr. Tucker was a treating physician, and acknowledged Dr. Tucker's specialization.  The ALJ correctly noted that the ALJ is not bound by a doctor's determination that someone is disabled.  Social Security regulations provide that a statement by a medical source that a claimant is disabled or unable to work does not mean the agency will find the claimant disabled.  20 C.F.R. § 416.927(d)(1).  Dr. Tucker's treatment note stating that Teter is

5

disabled mentions that he informed Teter that she "could have a lot of pain for upwards of 6-8 months" and "she needed to rest more and protect that area." (Tr. 892.) His treatment notes fail to give any specific information regarding functional limitations that would render Teter disabled. (Tr. 891-92.) The Court also notes that just two weeks before the July 25, 2012 note, Dr. Tucker prepared a note to Teter's employer stating that she should avoid bodies of water, high heights, and driving; but all other activities were normal. (Tr. 894.) During the two week interim, Teter reported that she experienced more pain and quit her job. (Tr. 891.) Her July 25th examination revealed that she had tenderness of both right and left pubic rami areas, walked with a limp, but was mobile enough to rise from a chair and walk about the room. (Tr. 892.) Based on the foregoing, the Court finds that the ALJ did not err in granting partial weight to Dr. Tucker's July 25, 2012 opinion contained in his treatment notes.

On September 20, 2013, Dr. Tucker completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) (MSS) regarding Teter. (Tr. 897-901.) Dr. Tucker opined that Teter could lift and carry a maximum of ten pounds, because of balance and falls. (Tr. 897.) He further opined that she could stand, walk, or sit for less than two hours per day. (Tr. 897.) Dr. Tucker wrote that Teter was limited to standing for 30 minutes due to an unsteady gait. (Tr. 897.) He also wrote that she can stand for 15 minutes before changing position or walk to relieve hip pain. (Tr. 897.) He indicated that Teter can sit for 90 minutes before changing position, but that she needs to shift position due to severe discomfort and dizziness. (Tr. 897.) Dr. Tucker opined that Teter must walk around 16 times in an 8 hour day for 5 minutes to move around due to hip pain. (Tr. 897.) He also indicated that Teter would need to lie down for unpredictable intervals for dizziness at least 3 times per day. (Tr. 897-98.) Dr.

Tucker stated that Teter's "whirling dizziness" and "hip discomfort" supported the limitations mentioned above. (Tr. 898.)

Dr. Tucker opined that Teter can occasionally stoop (bend) and climb stairs and she should never twist, crouch, or climb ladders. (Tr. 898.) He found that she could frequently handle, finger and feel with her right hand; occasionally handle, finger, and feel with her left hand; and never push or pull. (Tr. 898.) He noted she had no limits on her right hand. (Tr. 899.) Dr. Tucker opined that Teter must avoid all exposure to extreme heat, high humidity, fumes, odors, dust, gases, perfumes, soldering fluxes, solvents/cleaners, chemicals, pollen, and cigarette smoke. (Tr. 899.) He also opined that Teter's mental health is a major limiting factor due to panic, chronic anxiety, and depression. (Tr. 899.) He indicated that Teter would likely be away from work 5 to 10 days per month. (Tr. 900.) He also opined that Teter would be off task 25% or more of the time due to overwhelming stress or anxiety. (Tr. 900.) Dr. Tucker opined that she would need to take 16 unscheduled breaks per day for fifteen minutes due to muscle weakness, dizziness, hives, itching, headaches, and balance issues. (Tr. 900.) Dr. Tucker agrees with the alleged onset date of February 3, 2012. (Tr. 900.)

The ALJ gave Dr. Tucker's September 20, 2013 opinion little weight. (Tr. 27.) The ALJ noted that Dr. Tucker had not examined or treated Teter since November 8, 2012, which made his opinion less persuasive. (Tr. 26-27.) The ALJ also noted that the limitations given by Dr. Tucker were inconsistent with the other medical evidence of record. (Tr. 27.)

Teter contends that the ALJ erroneously stated that she had not seen doctor Tucker in ten months and that his opinion was well-supported by the evidence. A review of the administrative record indicates that at the time of the administrative hearing, the administrative record did not reflect that Teter had seen Dr. Tucker from November 2012 until he completed the MSS on

7

September 20, 2013.  (Tr. 97-98.)  Teter testified at the administrative hearing that she had seen Dr. Tucker the previous week.  (Tr. 98.)  Teter submitted additional medical records from Dr. Tucker's office after the ALJ's unfavorable opinion.  (Tr. 248-52, 902-1030, 1031-47.)

In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council." *Bergmann v. Apfel*, 207 F.3d 1065, 1068 (8th Cir. 2000) (citing *Jenkins v. Apfel*, 196 F.3d 922, 924 (8th Cir. 1999)).  "In such a situation, "[a] court's role is to determine whether the ALJ's decision 'is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made.'"  *Id.* (citing *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994)).  "In practice, this requires [a] court to decide how the ALJ would have weighed the new evidence had it existed at the initial hearing."  *Id.* (citing *Riley*, 18 F.3d at 622).  Thus, the appropriate inquiry is not whether the Appeals Council erred, but whether the record as a whole supports the decision made by the ALJ.  *Perks v. Astrue*, 687 F.3d 1086, 1093 (8th Cir. 2012) (citing *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000)).

Based on a review of the evidence in the record as a whole, including the exhibits submitted to the Appeals Council, the Court finds that the ALJ did not err in giving little weight to Dr. Tucker's September 20, 2013 opinion.  First, the ALJ could take into consideration that Teter did not visit Dr. Tucker for any medical care between November 8, 2012 and September 4, 2013.  (Tr. 884-85, 1032-35.)  He did not treat her for pelvic pain between July 2012 and September 4, 2013.  (Tr. 891-92, 884-85, 1032-1035.)  The ALJ did not err in finding that Dr. Tucker's September 20, 2013 opinion was less credible, because he had not seen her in almost a year.  *See* 20 C.F.R. § 416.927(c)(2)(i) (the longer a treating source has treated a claimant and the more times the claimant has been seen by a treating source, more weight will be given to the

source's medical opinion). Further, Dr. Tucker met with Teter on September 20, 2013 to complete disability paperwork. (Tr. 1036.). Dr. Tucker did not examine of Teter on this date. (Tr. 1036-40.) He asked her to identify her limitations and copied exactly what she told him onto the MSS. (Tr. 897-900, 1036-40.) The only objective comments in the treatment notes from the September 20, 2013 visit were Teter's vital signs, Dr. Tucker noted she exhibited a shuffling gait walking without dizziness, she was able to demonstrate a lack of fine touch sensation on her left hand, and her neurological testing was normal. (Tr. 1036, 1038-39.) The remaining portion of the notes explicitly states under a "subjective" heading all of the information that Teter relayed to Dr. Tucker, which he copied onto the MSS. Second, the objective medical evidence in the record does not support the limitations given by Dr. Tucker. The record contains no evidence of treatment for Teter's pelvic pain between July 2012 and September 2013. Tucker visited the emergency room for arm pain and her hives numerous times during that time period, but received only conservative treatment in those instances. The limitations contained in Dr. Tucker's September 20, 2013 MSS are extremely limiting and no other objective medical evidence supports them.

Next, Teter contends that the ALJ should have re-contacted Dr. Tucker for additional information, because Teter testified that she had been treated by Dr. Tucker recently and those records were not included in the administrative record. The ALJ has a duty to fully develop the record. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) (internal citation omitted). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). If the evidence is consistent, but insufficient to determine disability or if after weighing the evidence, the ALJ determines that it

9

cannot reach a conclusion about whether the claimant is disabled, the ALJ may re-contact a claimant's treating physician or request additional existing records. 20 C.F.R. § 416.920b(c). Therefore, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). There is no bright line test for determining when the Commissioner has failed to develop the record and the determination is made on a case by case basis. *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994).

The Court finds that the ALJ did not have a duty to re-contact Dr. Tucker. The additional medical records, which were submitted to and reviewed by the Appeals Council, would not have changed the disability determination. The additional records only indicate that she visited Dr. Tucker a few additional times, before the hearing. The additional records do not indicate any substantial change in Teter's condition or provide information that supports the limitations included in Dr. Tucker's September 20, 2013 MSS.

Teter also claims that the Court should remand this action under sentence six of 42 U.S.C. § 405(g) to consider new evidence. The Court disagrees. A sentence six remand is only authorized when (1) the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling or (2) where new and material evidence is adduced that was for good cause not presented during the administrative hearings. 42 U.S.C. § 405(g). Neither of those situations applies here. The Commissioner did not request a remand in the action before answering the complaint. The additional evidence referenced by Teter was considered by the Appeals Council. This is not new evidence that has not been considered by the Commissioner. As noted above, in a situation where the Appeals Council receives additional evidence after the ALJ's decision, the Court reviews the entire administrative record including

the additional evidence and determines whether the ALJ's decision is supported by substantial evidence. Therefore, this case is not appropriate for a sentence six remand.

B.   **RFC Determination**

Finally, Teter contends that the ALJ's RFC determination was not supported by substantial evidence in the record as a whole. The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. RFC is a medical question. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 404.1527(b); *see also Heino*, 578 F.3d at 879. "A disability claimant has the burden to establish her RFC." *Eichelberger*, 390 F.3d at 591 (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)).

The Court finds that the ALJ's RFC determination was supported by substantial evidence. A review of the record as a whole demonstrates that Teter has some restrictions in her functioning and ability to perform work related activities, however, she did not carry her burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). The ALJ gave a very detailed summary of the support for the limitations contained in the RFC. (Tr. 20-27.) The evidence in the record is devoid of support for the substantial limitations that Teter is claiming; therefore, the Court finds that the RFC determination is supported by substantial evidence in the record as a whole.

## IV. Conclusion

For reasons set forth above, the Court affirms the Commissioner's final decision.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 16.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 26th day of August, 2015.

    /s/ Nannette A. Baker  
NANNETTE A. BAKER  
UNITED STATES MAGISTRATE JUDGE